UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

THE ALBERT LINDLEY LEE MEMORIAL HOSPITAL     Case No. 09-30845
a/k/a A.L. LEE MEMORIAL HOSPITAL,     Chapter 11 Case

               Debtor.

---

### DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004: (i) AUTHORIZING THE SALE OF RESIDENTIAL REAL PROPERTY LOCATED AT 406 LYON STREET, FULTON, NEW YORK; AND (ii) AUTHORIZING DEBTOR TO ENTER INTO AGREEMENTS AND TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE PROPOSED SALE

Debtor The Albert Lindley Lee Memorial Hospital, a/k/a A.L. Lee Memorial Hospital

(the "Debtor"), by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby moves this

Court (the "Motion") for entry of an Order pursuant to sections 105 and 363 of title 11 of the

United States Code, as amended (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the sale of certain residential real

property located at 406 Lyon Street, Fulton, New York, subject to the terms of that certain

Purchase Offer dated as of August 8, 2009, which is attached hereto as **Exhibit "A"** (the

"Purchase Agreement"); and (ii) authorizing the Debtor to enter into agreements and to

consummate all transactions related to the proposed sale. In support of this Motion, the Debtor

respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief requested herein include sections 363 and 365 of the Bankruptcy Code, and Bankruptcy Rule 6004.

## BACKGROUND

3.     On April 3, 2009 (the "Petition Date"), the Debtor filed with the United States Bankruptcy Court for the Northern District of New York (the "Court") its voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 case.

4.     The Debtor remains in possession of its assets and is in the process of winding down its business operations as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     As of the date of this motion, no trustee or examiner has been appointed in this case. An Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee for the Northern District of New York on April 14, 2009.

6.     The Debtor is a New York not-for-profit corporation located at 510 South Fourth Street, Fulton, New York.

7.     Until April 26, 2009, the Debtor operated an acute care, general hospital and was the sole provider of essential hospital services in Fulton, New York. The Debtor's primary service area is the approximately 40,000 residents in and around the City of Fulton. In addition, since 1988, the Debtor also operated the Phoenix Primary Care Center at 7 Bridge Street in

1602084.1 8/14/2009

Phoenix, New York, and formerly operated a Primary Care Center at 450 Fulton Street, in Hannibal, New York.

8.      The Debtor ceased all hospital operations as of April 26, 2009 pursuant to the recommendations of the Commission on Health Care Facilities in the 21st Century (commonly known as the "Berger Commission"). Since that time, the Debtor has been engaged in the process of winding down its operations and liquidating its assets for the benefit of creditors.

9.      Among the assets owned by the Debtor is a 39' x 100' parcel of real property improved by a 1,100 sq. ft. single-family residence located at 406 Lyon Street, Fulton, New York (the "Property").

10.     The Property has been listed for sale with real estate broker Leah Haggerty at Century 21 Leah's Signature ("Century 21") since May 2009. The current listing price for the property is $64,900.00.

## RELIEF REQUESTED

11.     By this Motion, Debtor seeks the entry of an order authorizing and approving the sale of the Property to Christina Hart and Anthony Vaccaro ("Purchasers") for the sum of $59,000.00, subject to the terms of the Purchase Agreement. The Property is encumbered by a first position mortgage lien in the approximate amount of $21,818.00 in favor of Fulton Savings Bank, a second position consolidated mortgage lien in the amount of $264,384.00 in favor of Fulton Savings Bank and real property taxes in the approximate amount of $1,500.00. As such, all proceeds from the sale of the Property, after payment of sale expenses, will be paid to the taxing authority and to Fulton Savings Bank.

1602084.1 8/14/2009

12.     In accordance with the terms of this Court's Order dated June 4, 2009 authorizing the retention of Century 21, the sale commission sought by Ms. Haggerty is $3,360.00, which is 6% of $56,000.00. This commission has been consented to by all parties, as set forth in paragraph 4 of the Purchase Agreement. The commission will be split equally with the real estate broker for the Purchasers.

13.     In connection with the Debtor's wind-down of operations, it is seeking to sell its real property assets for the greatest possible value, including several residential properties located near the hospital that were used by the Debtor for office space, as rental properties or to house temporary physicians and nursing staff. The Debtor no longer has a need to own such real property and is currently marketing all of the properties owned in Fulton, New York.

## BASIS FOR RELIEF

### A.     The Proposed Sale is in the Best Interests of Debtor, its Creditors and its Estate

14.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). A debtor in possession is given these rights by section 1107(a) of the Bankruptcy Code. See 11 U.S.C. §1107(a). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

15.     Courts have uniformly held that approval of a proposed sale of property pursuant to section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. See *e.g., In re Trans World Airlines, Inc.*, Case No. 01-00056, 2001 WL 1820326, at *11 (Bankr. D. Del. April 2, 2001);

1602084.1 8/14/2009

*Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3rd Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (holding that a court must be satisfied that there is a "sound business reason" justifying the pre-confirmation sale of assets); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a *good business reason* for completing the sale and the transaction is in good faith.") (emphasis added).

16.     A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, its creditors or interest holders. See *e.g., In re Abbotts Dairies of Pennsylvania*, 788 F.2d 143 (3rd Cir. 1986); *Cmte. of Equity Security Holders v. The Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063 (2nd Cir. 1983). In fact, the paramount goal in any proposed sale of property is to maximize the proceeds received by the estate. *See Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *The Official Committee of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)* 147 B.R. 650, 659 (Bankr. S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the . . . [debtors'] duty with respect to such sales is to obtain the highest price or greater overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods., Inc.*, 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)).

17.     The Debtor submits that the proposed sale of the Property to the Purchasers satisfies the "sound business reason test" and represents a prudent and proper exercise of Debtor's business judgment. The Debtor believes that the Purchase Agreement provides the

5

greatest value for the Property, as such property has been marketed on the Debtor's behalf by a qualified real estate broker. The Debtor submits that the nature of this residential real property transaction does not require submitting the Purchase Agreement to higher and better offers through the bankruptcy court process.

18. It is unlikely that any other alternative could provide a higher value for the Property, which supports the conclusion that the Debtor has exercised its good and prudent business judgment in proceeding with the proposed sale. Accordingly, the sale should be authorized. Moreover, as set forth hereinafter, accurate and reasonable notice will be provided to all creditors and other parties in interest in compliance with the Bankruptcy Code, and the Bankruptcy Rules.

19. All aspects of the proposed sale have been handled in good faith and at arm's-length. The Purchase Agreement is the product of detailed arm's-length negotiations involving the Debtor, with the aid of its professionals, and the Purchasers and their counsel.

## B. The Purchase Agreement Should be Approved

20. Section 363(f) of the Bankruptcy Code[1] permits the Debtor to sell assets free and clear of all liens, claims, interests, charges and encumbrances (with any such liens, claims,

---

[1] Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;
    (2)    such entity consents;
    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
    (4)    such interest is in bona fide dispute; or
    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

1602084.1 8/14/2009

interests, charges and encumbrances attaching to the net proceeds of the sale with the same rights and priorities therein as in the sold assets).

21.     In the instant case, all of the net sale proceeds received in connection with the sale of the Property will be used to pay the outstanding mortgage liens in favor of Fulton Savings Bank and the outstanding real estate taxes. Accordingly, section 363(f)(2) will be satisfied in full and the Debtor will be permitted to sell the Property free and clear of any interest in such Property, in accordance with the terms of the Purchase Agreement.

## C.     Purchasers' Good Faith

22.     Pursuant to section 363(m) of the Bankruptcy Code, a good faith purchaser is one who purchases assets for value, in good faith, and without notice of adverse claims. *In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Congoleum Corp.*, Case No. 03-51524, 2007 WL 1428477, *2 (Bankr. D.N.J. May 11, 2007); *Abbotts Diaries of Penn.*, 788 F.2d at 147.

23.     The Purchase Agreement was negotiated at arm's-length, with both parties represented by their own counsel. The Debtor submits that the Purchasers' purchase offer, as contained in the Purchase Agreement, represents the highest and best offer for the Property.

24.     Accordingly, the sale order will include a provision that the Purchasers are "good faith" purchasers within the meaning of section 363(m) of the Bankruptcy Code. The Debtor believes that providing the Purchasers with such protection will ensure that the maximum price will be received by the Debtor for the Property and closing of the sale will occur promptly.

25.     No previous request for the relief sought herein has been made to this or any other Court.

1602084.1 8/14/2009

**WHEREFORE,** the Debtor respectfully requests that the Court (i) enter an order authorizing the sale of the Property to the Purchasers, free and clear of all liens, claims and encumbrances, and (ii) grant the Debtor such other relief as the Court may deem just and proper.

Dated:  August 20, 2009
        Syracuse, New York                     BOND, SCHOENECK & KING, PLLC

                              By:  _Camille W. Hill_
                                   Stephen A. Donato, Esq., Bar Roll No. 101522
                                   Camille W. Hill, Esq., Bar Roll No. 501876
                                   Attorneys for debtor and debtor in possession
                                   The Albert Lindley Lee Memorial Hospital
                                   a/k/a A.L. Lee Memorial Hospital
                                   Office and Post Office Address:
                                   One Lincoln Center
                                   Syracuse, New York 13202
                                   Tel: (315) 218-8000
                                   Fax: (315) 218-8100

1602084.1 8/14/2009