Hearing Date: September 16, 2010
Hearing Time: 11:30 a.m.
Hearing Place: Syracuse, New York

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

THE ALBERT LINDLEY LEE MEMORIAL HOSPITAL     Case No. 09-30845
a/k/a A.L. LEE MEMORIAL HOSPITAL,            Chapter 11 Case

Debtor.

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO A PURCHASE AGREEMENT WITH HORIZON RESOURCES, LLC AND TO SELL CERTAIN ACCOUNTS RECEIVABLE TO HORIZON RESOURCES, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES

STATE OF NEW YORK    )
COUNTY OF ONONDAGA   ) SS.:

Camille W. Hill, being duly sworn, deposes and says:

1. I am an attorney duly authorized to practice law in the State of New York and before the bar of this Court and am a member of Bond, Schoeneck & King, PLLC, counsel to debtor The Albert Lindley Lee Memorial Hospital, a/k/a A.L. Lee Memorial Hospital (the "Debtor") in the captioned case. As such, I am fully familiar with the facts and circumstances surrounding the matters discussed herein.

2. On August 25, 2010, the Debtor filed a motion (the "Sale Motion") seeking entry of an Order pursuant to sections 105 and 363 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to enter into a purchase agreement (the "Purchase

Agreement") with Horizon Resources, LLC (the "Purchaser") and to sell certain accounts receivable to the Purchaser pursuant to the Purchase Agreement, free and clear of all liens, claims, interests and encumbrances.

3. I submit this Supplemental Affidavit in order to provide additional information to the Court concerning the proposed sale transaction with the Purchaser and in further support of the Sale Motion.

4. As set forth in the Sale Motion, the Debtor proposes to sell certain accounts receivable (the "Accounts Receivable") to the Purchaser for the purchase price of $100,000. The Accounts Receivable consist of approximately 27,815 separate accounts due from private-pay individuals which were created during the pre-petition period of 2002 through 2008. As of April 3, 2009 (the "Petition Date"), all of these Accounts Receivable had been placed for collection with one of three collection agencies: the Simons Agency, the Central Service Bureau or the Credit Bureau of Rochester (the "Collection Agencies"). Although the face value of the Accounts Receivable totals approximately $11,750,000, the Debtor has determined that the actual collection value of the Accounts Receivable is significantly lower due to the age of many of the Accounts Receivable and the fact that they are owed by individuals rather than government or commercial payors.

5. All of the Accounts Receivable are due and owing from individual former patients whose services were not covered by Medicare, Medicaid, veterans benefits, workers compensation insurance or commercial insurance companies. All of the Debtor's other accounts receivable were collected from these third parties during the pendency of the Debtor's chapter 11 case and none of the third-party accounts are being sold to the Purchaser.

1747358.1 9/9/2010

6. As of the Petition Date, the Debtor also held certain other private-pay accounts receivable, which had not been placed with the Collection Agencies, that it was collecting directly from its former patients under various payment plans. The Debtor made payment arrangements with its former patients on seventy-seven (77) accounts having a face value of $80,277.04. In addition, the Debtor had an additional 2,177 private-pay accounts totaling $875,048.37 on its books which were uncollected and which were not the subject of payment arrangements. The accounts collected directly by the Debtor are, collectively, the "In-House Accounts".

7. On March 16, 2010, this Court entered an order authoring the retention of ACL Adjustment Associates, Inc. ("ACL") as a recovery agent for the Debtor's estate. Since the entry of that order, ACL has been engaged in collecting the In-House Accounts and in overseeing the collection of the Accounts Receivable by the Collection Agencies. As stated in the Sale Motion, however, ACL has determined that the Accounts Receivable proposed to be sold to the Purchaser are "typically difficult to collect" and that the "percentage of collection is too uncertain to estimate." As a result, the Official Committee of Unsecured Creditors (the "Committee") has conferred with ACL and has determined that it is in the best interest of the estate to sell the Accounts Receivable to a third party. The Committee has advised the Debtor that it believes the $100,000 purchase price offered by the Purchaser amply compensates the estate for the Accounts Receivable and has indicated its full support of the transaction proposed in the Sale Motion.

8. Upon information and belief, the Purchaser performed a significant amount of due diligence with respect to the Accounts prior to submitting the proposed Purchase Agreement to the Debtor and Committee, and has requested and received a voluminous amount of information concerning the Accounts from the Debtor, ACL and the Committee. Upon further information

3

1747358.1 9/9/2010

and belief, as part of its due diligence, the Purchaser also conferred with representatives of all three Collection Agencies concerning the Accounts and the Excluded Accounts identified in the Sale Motion. The Committee's counsel was primarily responsible for negotiating the terms of the proposed transaction with the Purchaser, and the Debtor's counsel finalized the terms of the Purchase Agreement on behalf of the estate.

9. Finally, the Purchaser is a corporation with an office and place of business located in North Syracuse, New York. The Purchaser is not affiliated with ACL or any of the three Collection Agencies. ACL will continue to collect the In-House Accounts on behalf of the Debtor's estate.

10. Based upon the foregoing and the information contained in the Sale Motion, the Debtor respectfully requests that the Court enter an order pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004: (i) authorizing the Debtor to enter into the Purchase Agreement; (ii) authorizing the sale of the Accounts Receivable to the Purchaser in accordance with the terms of the Purchase Agreement, free and clear of all liens, claims, interests and encumbrances; and (iii) granting the Debtor such other relief as the Court may deem just and proper.

*Camille W. Hill*
Camille W. Hill

Sworn to before me this
___ day of September, 2010.

_____
Notary Public

KRISTIN M. DONER
Notary Public in the State of New York
Qualified in Onondaga Co., No. 5040648
My Commission Expires 1/31/~~
3/20/11